### RICHARD PENNELL v. FREDERICK PENTZ.

A vendor cannot recover upon a parol promise to pay for goods sold to a third person, unless the whole credit was given to such guarantor or surety, and not to the purchaser.

But where the vendor of certain materials having refused to sell without a guaranty—the purchaser referred him to the defendant, who declined to become surety unless the purchaser would assign to him a paving contract with the city corporation, in the performance whereof the articles in question were to be used, and such assignment was accordingly executed to the defendant, who thereupon said to the vendor, " Go on and furnish the materials, and I will pay you, as no other person can draw the money but me;" held, that the defendant was liable for the price, as upon an original undertaking to pay.

Held, further, that the defendant was likewise liable as above, although, after the paving contract was performed, the defendant requested the vendor of the materials to make out his bill to the contractor, and the vendor thereupon did so, the defendant giving as a reason for the request that he desired to obtain a commission from the contractor, and stating that the latter would undoubtedly draw upon him (the defendant) in the plaintiff's favor, and that if such draft was drawn, he (the defendant) would pay it. Per WOODRUFF, J.; DALY, J., concurring. INGRAHAM, FIRST J., dissented, holding, that under all the circumstances, the defendant could not be charged as a principal debtor.

A parol promise by a party, upon taking an assignment of a claim, to pay a debt of the assignor out of moneys to be realized from the assigned premises, is not within the statute of frauds.

APPEAL from the Marine Court, where the plaintiff was defeated in an action brought to recover from the defendant

the value of "blue flagging curb and gutter stones," fur-. nished to a contractor with the corporation of New York, for paving in a public street. The facts are stated in the opinions.

*Horace P. Hardman*, for the plaintiff.

*Edmund J. Porter*, for the defendant.

INGRAHAM, FIRST J., *for affirmance.*—This action was for goods sold and delivered, and the defence the statute of frauds. Upon the trial, it appeared that one Blumenrother applied to Thornton, the assignee, to purchase from him some stone ; that a negotiation as to prices and terms took place, when Thornton agreed to furnish the stone at a certain price. He then asked what guarantee Blumenrother would give for the payment of the amount, and he replied, General Pentz. The latter parties then went to the defendant, who, on being informed of their object in calling, said he would not guar- antee to pay for the stone unless Blumenrother would assign him the contract. This was agreed to. The contract was assigned, and the defendant told Thornton he could go on and furnish the materials for the contract, and he would pay him, as no other person could draw the money on the contract but himself.

Subsequently, on applying for money, the defendant told Thornton he must apply for money to Blumenrother, as he could only advance the money to him, in order that he (the defendant) might charge his commissions ; and Thornton did so. After the work was done, an order for the amount was, in pursuance of the defendant's direction, drawn on the defend- ant, payable when funds were received on the contract.

Upon these facts the court below dismissed the complaint, upon the ground that the promise of the defendant was to pay the debt of another, and therefore within the statute of frauds.

It must be apparent that the ruling of the court was cor-

rect, if the defendant was not the purchaser. The action was for goods sold and delivered to the defendant, and whether the contract was or was not good under the statute of frauds, there could be no recovery if the goods were sold to Blumenrother.

It may be that under a proper complaint a recovery might be had upon proof of the defendant's promise to pay the debt of Blumenrother out of the moneys assigned to him by the assignor. Such a contract is not within the statute of frauds. (See *Canfield* v. *Morgan*, 12 J. R. 346; *McMurray* v. *Ferris*, 3 ib. 71; *Morton* v. *Naylor*, 1 Hill, 583.)

The evidence in this case shows facts from which it is apparent that the credit was not entirely given to the defendant. The contract was made with Blumenrother, the price agreed on with him, the goods delivered to him, payments made by him, the order for the balance drawn by him, and the vendor asking not for the principal indebtedness, but for a guarantee from the defendant. Under such evidence no other conclusion could be drawn but that Blumenrother was treated as the debtor, and the defendant as the security, who was to pay the debt out of a specific fund in his possession belonging to Blumenrother, while the declaration of the defendant that he wanted to procure or charge commissions to him, shows that he was acting rather as an agent than as a principal.

The court below was right, under such a state of evidence, in holding that the defendant was not the principal debtor. These views are sustained by the cases of *Brady* v. *Sackrider*, 1 Sandf. S. C. R. 514, where it is held, that if the whole credit be not given to the person who comes in to answer for another, his undertaking is collateral, and must be in writing; of *Dixon* v. *Frazee*, 1 E. D. Smith, 32; and of *Brewster* v. *Silence*, 4 Selden, 207.

The judgment should be affirmed.

WOODRUFF, J., *for reversal.*—I concur with the first judge in the rule, that when the credit is not given to the defendant,

but to the third person, for whom he becomes guarantor or surety, the defendant is not liable, unless his undertaking be in writing.  But it appears to me that the sole credit was in this case given to the defendant.  There is no conflict of evidence, and the inquiry is simply what is the import and effect of Thornton's testimony in this respect.

The plaintiff's assignor was applied to by J. G. Blumenrother, to furnish him with stone.  He refused to furnish it without " guaranty for the payment of the amount."  Blumenrother proposed to give the defendant, and they called on the latter.  The defendant would not guarantee to pay unless Blumenrother would assign to him the contract with the corporation of the city, in the performance of which the stone was to be used.  This was done.  The defendant having thus possessed himself of the means of drawing all the money which might become payable by reason of such performance, when applied to by the plaintiff's assignor, assures him as follows : " You can now go on and furnish the materials for those contracts, and I will pay you, as no other person can draw the money from the corporation but me."  And again, being asked for a written agreement, he says : " What I say I'll do—on my honor as a gentleman, I'll pay you."  And again : " Go on and get the 43d street contract finished now, as soon as you can; so much the sooner you will get your money."

It seems to me that these promises were unqualified, unconditional and original undertakings, in no sense collateral to any provision by Blumenrother, or to any credit to be given to him.  On the faith of these assurances the stone was delivered.  I find no evidence that the stone was charged to Blumenrother, or that, from the moment the defendant gave the promise that he would pay for the stone, the plaintiff's assignor had, or was understood to have any reliance upon any thing but the defendant for payment.

It is true, that after they " had finished the contract," the defendant directed the plaintiff's assignor to make out the bill in the name of Blumenrother ; but the defendant gave as

a reason for giving the transaction that form, and making his payments through Blumenrother, that he wanted his commissions out of the contract, and in this way Blumenrother would know what he paid. But to induce the plaintiff's assignor to do this, he assured him that Blumenrother would draw an order for the amount, and that he, the defendant, would pay it. By yielding to this request of the defendant, I do not think the plaintiff's assignor altered the relation of the parties to the transaction, or that this act warrants the inference before mentioned, that the whole credit was not in truth given to the defendant, for whom the stone was furnished.

I think the justice erred in the construction he gave to the contract, and in holding that that contract was within the statute of frauds, and void for want of a writing.

DALY, J., concurred in reversing the judgment, for the reasons stated above.

Judgment reversed.